**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4379**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERNIE MARTIN BRINN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00413-WO-1)

_____

Submitted:  February 17, 2022                Decided:  February 22, 2022

_____

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernie Martin Brinn pled guilty, pursuant to a written plea agreement, to access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced Brinn to 54 months' imprisonment, followed by 5 years' supervised release. On appeal, Brinn's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Brinn's sentence is substantively reasonable. Although notified of his right to do so, Brinn has not filed a pro se supplemental brief. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

"Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the record reflects that Brinn's sentence is procedurally reasonable. The district court properly calculated the advisory Sentencing Guidelines range, to which Brinn did not object. The district court addressed the parties' arguments at length and provided a thorough explanation for the chosen sentence—a below-Guidelines custodial sentence and the mandatory minimum term of supervised release. We further conclude that Brinn fails to rebut the presumption of reasonableness afforded his below-Guidelines sentence. Thus, Brinn's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brinn, in writing, of the right to petition the Supreme Court of the United States for further review. If Brinn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brinn. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*